# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **KIMBERLY TAYLOR,** | : |
| **Plaintiff,** | : |
| | : NO. 5:09-CV-146 (HL) |
| VS. | : |
| **MICHAEL J. ASTRUE,** | : |
| **Defendant.** | : SOCIAL SECURITY APPEAL |
| _____ | : |

## RECOMMENDATION

Pending before the Court is a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1), filed on May 18, 2011 by Attorney Charles Lee Martin. Doc. 21. For the reasons below, it is RECOMMENDED that the Motion be GRANTED.

### I. Facts and Background

On April 20, 2009, Plaintiff filed the instant appeal challenging the Commissioner's final decision denying an August 2005 42 U.S.C. § 405(g) application for a period of disability and disability insurance benefits. Following its review of the same, this Court affirmed in part, reversed in part, and remanded the matter to the Commissioner for further consideration. Doc. 16. On remand, the Commissioner determined that Plaintiff was entitled to disability benefits. Pursuant to this decision, Plaintiff was awarded past-due benefits in the amount of $96,073. On this basis, and in accordance with the terms of the Contingency Fee Agreement signed by Plaintiff, Martin asks that attorney's fees be awarded in an amount equal to 25% of these past-due benefits.

### II. Legal Standard

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at

25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (citations omitted). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. The Court's § 406(b) reasonableness analysis is not meant to supplant the continency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in Social Security cases. Id. at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee. Id. at 808.

In making its determination of reasonableness, the Gisbrecht Court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case, "the so-called "windfall" factor. In these instances, a downward reduction may be in order and the Court may appropriately reduce the fee. Id. at 805, 808.

### III. Analysis

Under the fee agreement in place in this case, Plaintiff's counsel is entitled to 25% of past-due benefits. Here, this figure amounts to $24,018.25. After deducting $6,000.00 in attorney's fees that have already paid to counsel for work at the administrative level in accordance with § 406(a), the maximum fee that may now be awarded and that has been requested is $18,018.25.

After review, it does not appear that an award of $18,018.25 in fees would be a windfall for counsel—i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. Indeed, counsel asserts that 42.50 hours were expended in representing Plaintiff and that, were this a non-contingency cases, this time would

normally be billed at a rate of $375.00 per hour. Moreover, because successfully convinced the Court and the Commissioner that the decision denying Plaintiff's application benefits was erroneous, the "character of the representation and the results the representation achieved" appear adequate. See Gisbrecht, 535 U.S. 789 at 805–808, 122 S.Ct. 1817, 152 L.Ed.2d 996. For these reasons, an award of $18,018.25 in § 406(b) attorney fees is reasonable and appropriate.

Next, though the allegation made therein is not sufficient to disturb the above conclusion, it must be noted that the Commissioner filed a response to the instant request observing that, while the instant request for fees was filed by Attorney Charles Martin, it relies upon a fee agreement entered into by Plaintiff and Attorney Michel Phillips. Doc. 22. In reply, Attorney Martin states that, after the above fee agreement was executed, Attorney Phillips joined the law firm of Martin and Jones as an associate attorney. Doc. 23. Consequently, Martin correctly explains that the firm is authorized to collect the requested fees. Id.

## IV. Conclusion

Accordingly, it is RECOMMENDED that the Motion for Attorney's Fees filed pursuant to 42 U.S.C. § 406(b)(1) be GRANTED and that the Commissioner be directed to pay Plaintiff's counsel legal fees in the amount of $18,018.25 out of the past-due benefits currently being withheld by the Social Security Administration.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the above recommendations with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of December, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge