**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**KIMBERLY TAYLOR,**

**Plaintiff,**

**VS.**

**MICHAEL J. ASTRUE,**

**Defendant.**

**NO. 5:09-CV-146 (HL)**

**SOCIAL SECURITY APPEAL**

## RECOMMENDATION

This matter is before the Court on Claimant Kimberly Taylor's Motion for Attorney's Fees filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc.17). Claimant seeks an award of $175.16/hr for 6.4 hours of work by Charles Martin, $175.16/hr for 2.60 hours of work by Michel Phillips, and $175.16/hr for 33.50 hours of work by Perrie H. Naides totaling $7444.30. For the following reasons, IT IS RECOMMENDED that this Motion be GRANTED.

## DISCUSSION

Pursuant to the Equal Access to Justice Act ("EAJA"), "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1) (A). "Fees and other expenses" include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). "Attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." Id.

Courts in this Circuit typically calculate the hourly rate based upon the statutory rate of $125 per hour, adjusted for increases in the cost of living. In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir.1992), the Eleventh Circuit interpreted § 2412(d)(2)(A) as establishing a two-part analysis for determining the appropriate hourly rate.

> The first step in the analysis ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor.

Meyer, 958 F.2d at 1033–34 (internal quotations omitted). The court explained that "Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA awards from inflation" and that "this expectation will not be realized ... if district courts, without explanation, refuse to consider increases in the cost of living when calculating EAJA fees." Id. at 1034. Although the Supreme Court has implied that the cost-of-living escalator is "next to automatic," the Eleventh Circuit requires a court determining attorney's fees to "'articulate the decisions it made, give principled reasons for those decisions, and show its calculation.'" Id. at 1035 (quoting Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1304 (11th Cir.1988)).

Here, at step one of the Meyer analysis, the Court must determine the prevailing market rate. In a recent decision from this district involving the same attorneys as this case, Judge Marc T. Treadwell held that the market rate for the services of both Charles Martin and Michel Phillips was at least $180.00 per hour, in excess of the statutory cap of $125.00 per hour. Eaton v. Astrue, 5:09–CV–383(MTT), Doc. 21 (M.D.Ga., August 2, 2011). Likewise, in the case of Brown v. Astrue, Judge Treadwell determined, without specifying a number, that the market rate for Perrie Naides was also in excess of the statutory cap. 5:10–CV–49(MTT), Doc. 18 (M.D.Ga., August 2, 2011). Although prior awards are not given "controlling weight," "there is some inferential

evidentiary value to the prior award." Dillard v. City of Greensboro, 213 F.3d 1347, 1355 (11th Cir.2000). This Court agrees that the market rate for the services of Charles Martin, Michel Phillips, and Perrie Naides exceeds the maximum statutory rate of $125.00/hr. As such, the Court must proceed to the second step of the Meyer analysis.

Turning to this second step, the Court finds no reason to decline to apply the cost-of-living escalator. Reasonable attorney's fees must reflect the year in which the work was performed and "enhancements to compensate for a delay in payment should be reserved for unusual cases, such as cases 'where the delay is unjustifiably caused by the defense.'" Hartage v. Astrue, 2011 WL 1123401, *2 (M.D.Ga.2011) (quoting Perdue v. Kenny A. ex rel. Winn, ––U.S. –––, 130 S.Ct. 1662, 1675, 176 L.Ed.2d 494 (2010)). In Hartage, the court determined that the case was not unusual and that no enhancement was warranted. The calculation of attorney's fees was therefore based upon the statutory maximum rate adjusted according to the annual average Consumer Price Index for the time periods during which the attorneys worked. The adjusted rate for 2009 is $172.24 per hour, and the adjusted rate for 2010 is $175.26 per hour. Id.

In this case, the Court finds that the Claimant's counsel worked 41.40 hours in 2009 and 1.10 hours in 2010. The hours claimed are reasonable. The Claimant did not ask for an enhancement and the Court does not find that this is an unusual case where an enhancement should be granted. Consequently, Claimant is entitled to $7,130.74 for the 41.40 hours worked in 2009 at a rate of $172.24 per hour, and $192.57 for the 1.10 hours worked in 2010 at a rate of $175.06 per hour, for a total of $7,323.31 in attorney's fees.

CONCLUSION

Wherefore, it is hereby **RECOMMENDED** that instant Motion for Attorney's Fees be **GRANTED**, and that legal fees in the amount of $7,323.31 be paid directly to Claimant. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the above

recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of December, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge